FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE CARBY,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF KENNEWICK and BENTON COUNTY,<br><br>           Defendant. | NO. 4:25-CV-05105-TOR<br><br>ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant City of Kennewick's Motion to Dismiss (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant City of Kennewick's Motion to Dismiss (ECF No. 9) is GRANTED in part.

## BACKGROUND

Plaintiff alleges numerous claims under the U.S. Constitution including violations of Article 1, 3, and 4. ECF No. 1 at 3. Plaintiff alleges violations of

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 1

1  Amendments 1, 2, 4, 5, 6, 14, and 15.  ECF No. 1 at 3.  Additionally, Plaintiff
2  makes two allegations under the Federal Whistleblower protections regarding the
3  FDA, Coronavirus, DaVita Dialysis, and an agreement with the U.S. government.
4  ECF No. 1 at 3.
5      Plaintiff states the city, county, state government, and congressman has
6  violated her rights.  ECF No. 1 at 5.  Plaintiff claims she must represent herself
7  because the attorneys she contacted have a conflict with one of these entities.  *Id.*
8  Continuing, Benton County jail guards, with the assistance from the Kennewick
9  Police Department, violated her civil rights.  *Id.*  Plaintiff alleges that these
10 agencies and their agents owed her and her minor children a legal duty that was
11 breached. *Id.*  This resulted in an actual harm caused by that breach.  *Id.*
12 Additionally, she states these agencies do not have legal immunity unless this
13 Court confirms otherwise.  *Id.*
14     On October 2, 2025, Defendant City of Kennewick filed a Motion to
15 Dismiss.  ECF No. 9.  On November 10, 2025, Plaintiff filed an affidavit in
16 support of her constitutional claims and in opposition of the motion.  ECF No. 13.
17 Per LCivR 7(c)(2)(A), Plaintiff's response was due on November 3, 2025.  On
18 November 12, 2025, Defendant City of Kennewick filed a reply arguing Plaintiff's
19 claims should be dismissed for failure to follow the rule.  ECF No. 14.
20 //

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO
DISMISS~ 2

# DISCUSSION

### A. Standing

Under Article III of the Constitution, federal courts must only hear cases and controversies. *United States v. Texas*, 599 U.S. 670, 675 (2023). A case or controversy exists if the plaintiff has standing. *Id.* Essentially, under Article III of the Constitution, to bring a case to federal court, a plaintiff must prove they have standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

A "lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). To prove standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). A plaintiff "must show that she has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

*Pro se* pleadings are liberally construed to "afford the petitioner the benefit

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 3

1  of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting

2  *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)).  This is especially important

3  for cases arising out of civil rights violations.  *Ferdik v. Bonzelet*, 963 F.2d 1258,

4  1261 (9th Cir.), *as amended* (May 22, 1992) (citation omitted).  A court may not

5  dismiss a *pro se* complaint before providing the *pro se* party "with notice of the

6  deficiencies in [her] complaint in order to ensure that the litigant uses the

7  opportunity to amend effectively" unless amendments to the complaint could not

8  cure the issues.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *as amended*

9  (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations

10  omitted).

11       Plaintiff alleges claims against the City of Kennewick and officers of Benton

12  County.  ECF No. 1 at 5.  As listed previously, Plaintiff alleges many claims.  ECF

13  No. 1 at 3.  Plaintiff claims that these government agencies "breached their legal

14  duty" and that her and her children suffered actual harm because of that breach.

15  ECF No. 1 at 5.  Plaintiff requests for "an agreement in writing that can be

16  published and will accompany the book I was required to self-publish." *Id*.

17  Plaintiff is also seeking $40,000,000 in damages for her and her children. *Id*.

18       Plaintiff does not allege facts to support how this agreement will redress her

19  claims.  Plaintiff alleges personal injury and civil rights violations but does not

20  allege how this agreement will redress this.  ECF No. 1 at 5.  It is unclear how a

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 4

written agreement to accompany her book will remedy any of the civil rights violations that Plaintiff alleges. Plaintiff does not allege how requesting the agreement for her book will remedy these violations.

**B. Failure to State a Claim**

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. This also requires facts to support legal conclusions beyond simply stating conclusory legal statements. *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations). However, a court must construe facts in the light most favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true. *Twombly*, 550 U.S. at 556. In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570. In other

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 5

1 words, the "plausibility standard requires more than 'a sheer possibility that a

2 defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan*

3 *v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City &*

4 *Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

5     Defendant claims that Plaintiff fails to state claim. ECF No. 9. Defendant

6 claims that Plaintiff's pleading is confusing and for both reasons warrants

7 dismissal. ECF No. 9. The Court agrees. Plaintiff does not allege elements,

8 specific legal authority, or facts to support any of the allegations. Plaintiff

9 essentially does not allege any cognizable legal theory or sufficient facts to

10 "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*,

11 915 F.3d 643, 652–53 (9th Cir. 2019) (quoting *Interpipe Contracting, Inc. v.*

12 *Becerra*, 898 F.3d 879, 886 (9th Cir. 2018)). This also supports dismissal for

13 failure to state a claim. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643,

14 652–53 (9th Cir. 2019).

15     Plaintiff appears to state what she has completed before this point; however,

16 it is unclear to the Court how this amounts to the alleged claims. ECF No. 1 at 5.

17 Furthermore, the Court cannot determine exactly what claims Plaintiff is alleging

18 because a mere list of Constitutional locations does not provide clarity on what

19 Plaintiff's specific allegations are.

20     Furthermore, Plaintiff appears to allege the elements of negligence for

failure to perform their "legal duty" but does not state facts to support these allegations. ECF No 1 at 5. Plaintiff is essentially reiterating the elements of negligence with vague facts. As stated, Plaintiff must provide more than a "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545; *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations).

Additionally, Plaintiff reiterates some of these claims in her affidavit. ECF No. 13. However, it does not provide any additional facts other than a few more generalized allegations and previous case histories. ECF No. 13 at 2-3. For example, Plaintiff alleges their advocacy efforts including speaking at Benton Franklin Town Hall, record requests, and declarations were obstructed. ECF No. 13 at 2. This was obstructed due to "illegal detainment and retaliation." *Id.* Later, Plaintiff states this violated her right to petition and freedom of speech. ECF No. 13 at 3. But Plaintiff does not identify who allegedly violated this right or explain how, offering only the conclusory phrase "retaliatory detainment" without any supporting factual allegations. *Id.*

Also, Plaintiff alleges filing complaints with different government authorities "regarding misconduct of elected officials, law enforcement and members of the judiciary" but does not attach proof or state further specifics of these complaints and their outcomes. ECF No. 13 at 2. Furthermore, Plaintiff

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 7

alleges elected officials are not citizens but does not allege who, how they do not meet "eligibility requirements", or any legal authority. ECF No. 13 at 3. The Court cannot establish the "plausibility" requirement because the Court cannot decipher necessary specifics to consider the Complaint. *Twombly*, 550 U.S. at 570 (a plaintiff must "nudge[] their claims across the line from conceivable to plausible"). For these reasons, Plaintiff fails to state a claim and Plaintiff's claim against Defendant City of Kennewick are dismissed.

### C. Insufficient Service of Process

Federal Rule of Civil Procedure Rule 4 provides the requirements to serve proper service. FED. R. CIV. P. 4. Rule 4(j)(2) explains the requirements to properly serve process to a state government organization, a state or municipal corporation. FED. R. CIV. P. 4(j)(2). Under this rule, to properly serve process, the person must either: "(A) deliver[] a copy of the summons and of the complaint to its chief executive officer; or (B) serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(1)(2). Under Washington State law, service is proper against a town or incorporated city in the State of Washington if the summons is served "to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof. RCW 4.28.080(2).

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 8

1    Defendant claims Plaintiff insufficiently serviced process.  ECF No. 9 at 6.
2 On August 29, 2025, Plaintiff filed a summons returned execute for both
3 Defendants for registered mail.  ECF No. 4.  On November 10, Plaintiff filed a
4 proof of service for both Defendants.  ECF No. 12.  This proof of service states
5 that the mail was returned with receipt and that both Defendants signed it on
6 August 25, 2025.  ECF No. 12.  However, this is not attached to the proof of
7 service, nor does it specify exactly who received the mail.  ECF No. 12.  Plaintiff
8 failed to properly serve process.  Plaintiff did not deliver a copy of the summons or
9 complaint to the chief executive officer of City of Kennewick.  Plaintiff also did
10 not properly serve summons or complaint under Washington law.  Plaintiff did not
11 personally serve summons to any of the potentially required people listed in the
12 statute.  Instead, Plaintiff served process by certified mail.  ECF Nos. 4; 12. This
13 does not comply with the Federal or Washington rules and therefore, is insufficient
14 service.

15    Under Rule 4(m), when "a defendant is not served within 90 days after the
16 complaint is filed, the court--on motion or on its own after notice to the plaintiff--
17 must dismiss the action without prejudice against that defendant or order that
18 service be made within a specified time." FED. R. CIV. P. 4.  When service is
19 insufficient, "the district court has discretion to dismiss an action or to quash
20 service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO
DISMISS~ 9

1  However, if a plaintiff shows good cause for the failure, then the Court must
2  extend the time for service.  FED. R. CIV. P. 4(m).
3      Plaintiff's Complaint was filed on August 19, 2025.  ECF No. 1.  That is 115
4  days from the date of filing to today, December 12, 2025.  Plaintiff states they
5  served process but does not provide reasons for this failure.  Therefore, good cause
6  was not shown.  Process is insufficient and this is another reason to support
7  dismissal.
8      **D. Pre-filing Notice Requirements**
9      Defendant alleges that Plaintiff did not adhere to the requirements under
10 RCW 4.92.100 to file a suit against a municipal entity or personnel.  ECF No. 9 at
11 4.  However, RCW 4.92.100 provides the pre-filing requirements to sue the state.
12 RCW 4.92.100.  RCW 4.96.020, which is similar, provides the requirements for
13 filing a claim against a local government entity and their agents which includes a
14 city.  RCW 4.96.020; .010(2).   Plaintiff alleges the elements of negligence that the
15 governmental agencies and their agents caused.  ECF No. 1 at 5.  However,
16 Plaintiff does not allege any state statutory authority for a state negligence claim.
17 ECF No. 1 at 3.
18     If Plaintiff aims to allege negligence against local government entities, then
19 Plaintiff must comply with RCW 4.96.020.  RCW 4.96.020 requires Plaintiff to
20 present all claims against the local entity to the agent by delivering a standard

claim form, to them either in person or by mail, with return receipt requested. RCW 4.96.020(2). As of now, Plaintiff does not provide any attachments or facts that this was presented to the agent, as required under RCW 4.96.020(2). RCW 4.96.020(2). Plaintiff did send her summons by registered mail, but this is not the standard claim form as described in RCW 4.96.020. An action must not be commenced against any local government entity, officer, employee, or volunteer until sixty days after presentment of the claims. RCW 4.96.020(4). Therefore, if Plaintiff is alleging negligence, this fails for not providing evidence of adhering to the pre-filing notice requirements.

### E. 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, municipalities may be liable "for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). This requires the plaintiff showing that there was "*deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights.*" *Horton*, 915 F.3d at 603 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)). Additionally, if a plaintiff brings § 1983 claims against an individual officer, it must exhibit two things. "(1) a federal right has been violated and (2) the right was clearly established at the time of the violation." *Horton*, 915

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 11

F.3d at 599 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). However, they are not liable under *respondeat superior*. *Id.* at 603. Specifically, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Defendant claims that Plaintiff's claim cannot survive under *Monell*. ECF No. 9 at 5; *Monell*, 436 U.S. at 694. If Plaintiff is alleging *respondeat superior*, then Defendant is correct because § 1983 bars that ability. Moreover, as required under § 1983, Plaintiff does not allege any of the four methods of injury or what federal right was violated. Therefore, Plaintiff fails to state claim.

The Court does not grant leave to amend because Plaintiff cannot amend her complaint to fix insufficient process or filing requirements for negligence. In other words, amendment would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.").

/

/

/

/

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 12

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED in part**.

Plaintiff's claims against Defendant City of Kennewick are **DISMISSED without prejudice.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal, furnish copies to counsel.

DATED December 12, 2025.



THOMAS O. RICE
United States District Judge